IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TOM J. BECK, | ) |
|         Plaintiff, | )    Case No. 8:12-cv-391 |
| vs. | ) |
| | )    PROTECTIVE ORDER |
| STROBEL MANUFACTURING, INC., a | ) |
| Nebraska corporation | ) |
| | ) |
|         Defendant. | ) |
| | ) |

The parties have stipulated and agreed (filing 31) that certain documents and information produced during the course of discovery or in settlement discussions[1] in this matter shall be protected so as to preserve the confidentiality of commercially sensitive, confidential, competitive and/or proprietary information contained therein.

Accordingly, **IT IS HEREBY ORDERED** as follows:

    1.    <u>Scope of Protective Order</u>.  This Protective Order shall govern all materials provided in any settlement discussions[2] or produced in response to any disclosure requirement or discovery request (including but not limited to documents, deposition transcripts, interrogatory responses, and responses to requests for admission) in this action made to or by any party; all information contained in those materials; and all copies, excerpts, or summaries of those materials (collectively,

---

[1] Any communications during settlement will remain inadmissible in accordance with Federal Rule of Evidence 408.

[2] Id.

1

"Discovery Material"). The parties may use Discovery Material solely for the purposes of this litigation, including any and all appeals, and not for any other purpose.

2. <u>Designation of Discovery Material as Confidential</u>. Counsel may designate as Confidential any Discovery Material that counsel in good faith believes contains or is derived from trade secrets or other confidential research, development, or commercial information. To the extent that counsel and/or a party reasonably believes that that which is designated as Confidential ought not be disclosed to the adverse party under any circumstances and which disclosure counsel believe would have the potential to jeopardize commercial or business interests, the disclosing party may designate the document and/or information as "Confidential — Attorney's Eyes Only."

3. <u>Method of Designating Discovery Material as Confidential</u>.

(a) Designation of confidential Discovery Material shall be made by stamping the legend "Confidential" or "Confidential — Attorney's Eyes Only" on any document containing Confidential Discovery Material. Multi-paged Discovery Material that is bound together need only be so designated on the first page. If the Discovery Material cannot be so labeled, it will be designated Confidential or Confidential — Attorney's Eyes Only in some other conspicuous manner. Any confidential designation that is inadvertently omitted during document production may be corrected by written notice to counsel of the party receiving the document.

(b) Deposition testimony may be designated Confidential by an indication on the record at the deposition, or by written notice of the specific pages and lines of testimony that are Confidential, within twenty-one (21) days after receipt of the

official deposition transcript. Each party shall attach a copy of any such written notice to all copies of the deposition within its possession, custody, or control.

    4.    <u>Use of Confidential Discovery Material</u>. All Discovery Material, including but not limited to Confidential Discovery Material, may be used solely for the purpose of this litigation, and not for any other purpose. Confidential Discovery Material may be disclosed only to the following persons:

    (a)    The Court in which this litigation is pending and any court to which an appeal in this litigation may lie;

    (b)    The parties to this litigation, including present officers, directors, members, and other employees of the parties, to the extent reasonably necessary for the prosecution or defense of claims in this litigation except that the parties shall not have access to any Discovery Material which is designated as "Discovery Material — Attorney's Eyes Only";

    (c)    Outside counsel representing the parties and their support personnel whose functions require access to such Confidential Discovery Material;

    (d)    Any actual or potential non-party witness or deponent to the extent reasonably necessary, and counsel for such witness, except that non-party witnesses and deponents shall not have access to any Discovery Material which is designated as "Discovery Material — Attorney's Eyes Only" absent prior written approval of the party so designating;

    (e)    Outside vendors who perform microfilming, photocopying, computer classification, or similar clerical functions, but only for so long as necessary to perform those services;

(f) Court reporters and other persons engaged in preparing transcripts of testimony or hearings for this litigation;

(g) Experts retained or consulted by counsel of record for assistance in the preparation or prosecution of claims or defenses in this litigation, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in this litigation;

(h) Any other person who is so designated by order of any court, agency, or arbitration panel in which this litigation is pending;

(i) No Confidential Discovery Material may be disclosed to persons identified in subparagraphs (d), (g), and (h) until they have reviewed this Order and either (1) executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the disclosing party; or (2) agreed on the record at a deposition to be bound by the terms of this Order.

5. <u>Use of Confidential Discovery Material at Deposition</u>.  Any party may use Confidential Discovery Material, pursuant to the terms of this Order, as an exhibit in a deposition taken in this litigation, subject to (a) such exhibit being marked as confidential and (b) the witness's (i) execution of a written agreement in the form attached hereto as Exhibit A or (ii) agreement on the record to be bound by the terms of this Order.  If a deponent is questioned about "Confidential — Attorney's Eyes Only" information during the course of a deposition, upon request, any person in attendance at the deposition, other than counsel, shall leave the room during that portion of the deposition.

6. <u>Challenges to "Confidential" Designations of Discovery Material</u>.

(a) If any party to this Order should conclude that particular Discovery Material should not be treated as Confidential or Confidential — Attorney's Eyes Only ("Challenging Party"), then it shall so notify the designating party in writing and state the basis for that conclusion.

(b) If the designating party insists on the material being treated as Confidential Discovery Material as specified in this Order, it shall so notify the Challenging Party in writing within ten (10) days of receipt of the Challenging Party's notice. The Designating Party's written notice shall specify all reasons why confidentiality should apply to the Discovery Materials whose designation as confidential has been challenged. The parties shall, within five (5) business days of service of the aforesaid written notice confer concerning the objection and their dispute as to the designation. If the matter is not then resolved, the Challenging Party shall have thirty (30) days after receipt of such notice to move the court for an order that the challenged Discovery Material should not be designated as Confidential or Confidential — Attorney's Eyes Only. The party that wishes the Discovery Material to retain the Confidential or Confidential - Attorney's Eyes Only designation shall bear the burden of proof in any challenge to such a designation.

(c) The Parties agree to maintain the confidentiality of any such Confidential Discovery Material and to use it only in the manner authorized by this Order unless and until the Court rules that it may be treated otherwise.

7. <u>No Restriction on Material Independently Obtained or Publicly Available</u>. Nothing in this Order shall be deemed in any way to restrict the use of documents or

information which are lawfully obtained or publicly available to a party independently of discovery in this litigation, whether or not the same material has been obtained during the course of discovery in this litigation and whether or not such documents or information have been designated Confidential or Confidential — Attorney's Eyes Only.

8. <u>Exemption for Authors, Recipients and Parties Producing Confidential Discovery Material</u>.  Nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material designated Confidential or Confidential — Attorney's Eyes Only to such persons as appear on the face of the document to be its author or a recipient, and nothing in this Order shall be deemed to limit or prohibit any manner of use of any Confidential Discovery Material by the party producing such Confidential Discovery Material.

9. <u>Filing Confidential Discovery Material Under Seal</u>.

(a)   Subject to the Federal Rules of Civil Procedure, the Local Rules, and the Electronic Case Filing ("ECF") Procedures Manual, all pleadings and all other writings of any and every kind that are electronically filed with the Court that contain information designated as Confidential or Confidential — Attorney's Eyes Only, or that refer to or disclose Confidential or Confidential — Attorney's Eyes Only information, shall be filed under seal.  Pursuant to Local Rule 5(c) and Section IX(A) of the ECF Procedures Manual, all such pleadings, writings, and information electronically filed under seal shall contain prominently at the beginning of the document, the caption of the case and the following underlined words in bold capital letters:   "FILED UNDER SEAL."

(b) All pleadings, writings, and information required by the Local Rules, the ECF Procedures Manual, the Clerk or the Court to be filed in paper form, that contain information designated as Confidential or Confidential — Attorney's Eyes Only or that refer to or disclose Confidential or Confidential — Attorney's Eyes Only information, shall be filed under seal pursuant to Local Rule 5(c) by delivering said paper documents to the Clerk of Court in a sealed envelope marked with the caption of the case and the notation in bold capital letters "FILED UNDER SEAL."

(c) Documents will be maintained under seal by the clerk in conformity with the usual practice of this Court.

(d) Any party also may move the Court for an order that certain evidence be received <u>in camera</u> or under other conditions to prevent unnecessary disclosure. Pursuant to Local Rule 5(d), documents submitted to the judge for in camera inspection must not be filed electronically, but must be delivered in paper form to the judge's chambers in a sealed envelope bearing the caption of the case, the name of the party presenting the documents, and a statement that the documents are being submitted for an in camera review. The Court will then determine what other protection, if any, will be afforded to such information.

10. <u>No Waiver of Objections</u>. Nothing in this Order shall constitute a waiver of a party's right to object to the production of Discovery Material or to demand more stringent restrictions upon the treatment and disclosure of any Discovery Material on the ground that it contains particularly sensitive or proprietary information.

11. <u>Obligation To Act in Good Faith</u>. The parties and their counsel agree to act in good faith when taking any action pursuant to this Order.

12. <u>No Waiver of Rights</u>.  The inadvertent or unintentional production of Confidential Discovery Material shall not constitute an admission by the producing party, and shall not waive the producing person's rights with respect to the propriety, materiality, relevance, or admissibility of the materials produced.

13. <u>Inadvertent Production of Privileged Documents.</u>  The inadvertent production of document(s) or other material subject to the attorney-client privilege, work product doctrine or any other privilege or immunity does not constitute a waiver. Promptly upon learning of the inadvertent disclosure, however, the producing party must notify the receiving party of the inadvertent production and request return or destruction of the documents.  The receiving party must promptly return or confirm destruction of all copies of such materials; but doing so shall not preclude the receiving party from seeking to compel production of those materials, nor constitute an admission that the materials were, in fact, privileged, and the producing party must preserve any such documents.

14. <u>Modification of this Order</u>.  Any party may apply to the Court in which this litigation is pending for modification of this Order at any time or for the establishment of additional protection governing the use of Confidential Discovery Material, including the use of such material in submissions to the Court or at any hearing or trial.  Nothing in this Order shall preclude the parties to this Order from agreeing to amend or modify this Order or from agreeing to extend it to other legal proceedings, so long as any such agreement is in writing.

15. <u>Post-Litigation Treatment of Confidential Discovery Material</u>.  No later than thirty (30) days after the expiration of the time in which an appeal may be filed or after

an unappealable final resolution or settlement of this litigation, any person or entity possessing any Confidential Discovery Material shall return all such Confidential Discovery Material, including all copies, extracts, and summaries, to the producing party, or, in lieu thereof, shall certify in writing that all Confidential Discovery Material has been destroyed, except that counsel of record may retain for their files copies of any paper served or filed in this litigation, including portions of any such papers that contain or disclose Confidential Discovery Material.

16.   <u>Continuing Effect of this Order</u>.  Neither the termination of this litigation nor the termination of employment of any person who had access to any Confidential Discovery Material shall relieve any person or entity from the obligations of maintaining both the confidentiality and the restrictions on the use or disclosure of Confidential Discovery Material pursuant to this Order.

17.   <u>Entry of Order by the Court</u>.  The parties agree to submit this Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court.

**DATED March 11, 2013.**

                                          **BY THE COURT:**

                                          **S/ F.A. Gossett**
                                          **United States Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TOM J. BECK, )<br>Plaintiff, )<br>  vs. )<br> )<br>STROBEL MANUFACTURING, INC., a )<br>Nebraska corporation )<br> )<br>  Defendant. )<br> ) | Case No. 8:12-cv-391-LSC-FG3 |

### EXHIBIT A

### AGREEMENT TO BE BOUND BY TERMS OF STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

I hereby acknowledge that I have received a copy of the Stipulated Confidentiality Agreement and Protective Order ("**Protective Order**"), entered in the action entitled *Tom J. Beck v Strobel Manufacturing Inc.* I have carefully read the Protective Order in the above-captioned case and I fully understand the terms of the Protective Order. I recognize that I am bound by the terms of that Protective Order, and I agree to comply with those terms. I agree, under penalty of perjury, not to disclose information designated thereunder as "Confidential" or "Confidential — Attorney's Eyes Only" to any person not entitled to access such information.

I further agree to use "Confidential" and "Confidential — Attorney's Eyes Only' material only in connection with this litigation, and not for any other purpose, including any business, competitive or governmental purpose or function.

1

I hereby consent to the jurisdiction of this court in respect to any proceedings relative to the enforcement of that Protective Order, including without limitation any proceeding related to contempt of court.

At the end of this litigation, or my involvement in this litigation, whichever occurs first, I will return to counsel for the party by whom I am employed or retained all such "Confidential" and "Confidential — Attorney's Eyes Only" documents or information that has come into my possession.

Executed this _____ day of _____, 20___, at _____.

 

_____
Signature

Name: _____

Company: _____

Business Address: _____

_____

Business Telephone Number: _____